18430

Sara Taylor GAMBRELL, Respondent, v. RUSSELL TRANSFER COMPANY, Appellant.

(145 S. E. (2d) 432)

*Messrs. Watkins, Vandiver, Kirven & Long,* of Anderson, *for Appellant,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *for Respondent,*

December 2, 1965.

Bussey, Justice.

From a verdict for the plaintiff for damages for personal injuries sustained in an automobile-truck collision, the defendant appeals asserting only one contention; that the plaintiff should have been held by the lower

court to be guilty of contributory negligence, as a matter of law. It is, of course, elementary that in the determination of this question, all of the evidence and the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff.

Viewed in such light and briefly stated the facts are as follows. The collision occurred in the westbound lane of U. S. Highway 178 at a point some five or six hundred feet east of the limits of the City of Honea Path. Plaintiff, driving an automobile, entered the said highway from a private driveway on the south side of the highway and made a left turn for the purpose of proceeding toward Honea Path. The point of impact was some feet (the exact number not being clear) to the west of the private driveway from which plaintiff entered the highway. Defendant's truck was proceeding in an easterly direction and it is undisputed that it laid down skid marks of one hundred fifty-one feet, the last fifty feet thereof prior to the impact being in the westbound lane of the highway, or the truck's left side thereof.

Plaintiff testified that the truck was some five or six hundred feet to her left when she started into the highway, after having stopped before entering the same, and that she had completed her left turn and was occupying the westbound lane, headed in the direction of Honea Path, when the truck veered over the center line and ran into the automobile which she was driving.

No eye witnesses to the collision, other than plaintiff, and the driver of defendant's truck, testified. While her version of the collision was, in part, contradicted by evidence adduced on behalf of the defendant, such contradiction simply made a jury issue as to whether or not plaintiff was contributorily negligent.

The exceptions of the appellant are without merit, and the judgment of the lower court is, accordingly, affirmed.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.